UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDRE MOTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00007-SEB-TAB |
| | ) | |
| ALLEN Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Andre Moton's petition for a writ of habeas corpus seeks relief from his conviction and sanctions in prison disciplinary case ISR 24-06-1862. For the following reasons, his petition is **denied**, and this action is **dismissed with prejudice**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On June 22, 2024, while Officer R. Kartchner was escorting a nurse down the range, Mr. Moton attempted to spit on the nurse. Dkt. 8-1. Officer Kartchner charged Mr. Moton with offense A-123, bodily fluid and fecal waste. *Id.* Mental health staff were contacted, and they advised that Mr. Moton's mental health was not a factor in his conduct. Dkt. 8-2.

On July 2, a screening officer notified Mr. Moton of the charge and provided him with a copy of the conduct report and the screening report. Dkt. 8-3. The screening officer notified Mr. Moton of his rights and Mr. Moton pleaded not guilty. *Id.* Mr. Moton requested a lay advocate, and one was appointed. Dkt. 8-4. Mr. Moton also requested "camera review" as evidence. Dkt. 8-3.

On July 26, disciplinary hearing officer (DHO) J. Womack reviewed the video footage and provided a report summarizing the video:

> At 12:21pm, Sgt. Kartchner and a nurse walk onto the 2D range of CGH. The nurse stops to speak with the I.I. in cell 11 and then begins talking with the suicide companion. The nurse then begins talking with the I.I. in cell 10-2D. She stops speaking with the individual, steps back and talks to the I.I. in cell 8-2D. Sgt. Kartchner can also be seen speaking in that direction. The nurse then quickly jumps to the side as she is speaking. Sgt. Kartchner checks her watch and writes something down on a notepad. Both Sgt. Kartchner and the nurse continue standing on the range for around 1 minute and then exit the range.

Dkt. 8-7.

On July 30, DHO Womack held a hearing in case ISR 24-06-1862. Dkt. 8-6. Mr. Moton pleaded not guilty and made no comment. *Id.* Based on the conduct report and the video evidence, DHO Womack found Mr. Moton guilty of offense A-123, bodily fluid and fecal waste. *Id.* The DHO sanctioned Mr. Moton to a 60-day loss of earned credit time and other non-grievous sanctions. *Id.*

Mr. Moton's appeals were denied. This habeas action followed.

### III. Discussion

Mr. Moton's claims are: 1) he was placed in a strip cell and deprived of materials and law library access before his hearing, in violation of Indiana Department of Correction (IDOC) policy; 2) he was denied an impartial decisionmaker; 3) he should not have been sanctioned with more than 30 days in segregation due to his mental health issues; 4) he should have been appointed counsel; 5) he was subjected to double jeopardy. Dkt. 1 at 4-6.

The respondent first argues that Mr. Moton failed to exhaust his administrative remedies as to one of his claims, but the Court finds it more efficient to consider the claims on the merits. *See Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018).

### A.  "Sanctions" Imposed Pre-Hearing

Mr. Moton first argues that he was deprived of research materials when he was placed in a strip cell before his hearing, which impaired his ability to prepare a defense. To the extent this claim is based on an alleged violation of IDOC policy, it does not state a cognizable claim for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

Moreover, Mr. Moton has not shown how his right to prepare a defense was impaired. Due process affords an inmate in a disciplinary proceeding a limited right to present "evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. But due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Evidence is exculpatory if it undermines or contradicts the finding

3

of guilt, *see Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011), and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780–81 (7th Cir. 2008). The petitioner has the burden of establishing that the evidence he was denied was material and exculpatory. *Piggie,* 344 F.3d at 678. Mr. Moton has not identified any exculpatory evidence that he was denied, nor has he shown how he could have discredited the evidence relied on by the DHO.

In addition, this claim amounts to a challenge to the conditions of Mr. Moton's confinement, not the fact or duration of his confinement. If a habeas petition does not attack the fact or duration of the petitioner's sentence, it does not state a viable basis for relief. *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir 2009). There was no viable habeas claim or due process violation under these circumstances.

## B. Impartial Decisionmaker

In a related claim, Mr. Moton argues that because he was placed in a strip cell before his hearing and then sanctioned after the hearing, his "hearing" was not impartial. Dkt. 1 at 4. Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003); *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the IDOC. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667. Another possible example of bias is if the DHO were found to have an intimate relationship with a crucial witness in the case. *See*

*Eads vs. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). None of those circumstances are alleged here. Mr. Moton has not presented clear evidence of bias. The presumption that the DHO was not biased prevails.

### C. Mental Health and Denial of Counsel

Mr. Moton next argues that he should not have been placed in segregation before his hearing, and he should have been appointed counsel instead of a lay advocate, because he is mentally ill.

There is no specific due process requirement that mental health issues be considered during disciplinary proceedings, nor are certain sanctions off limits for various disabilities. *See Wolff*. In this case, the record includes a copy of an email in which mental health staff were asked whether Mr. Moton's mental health was a factor in his culpability for "body fluids and fecal waste." Dkt. 8-2. The response was "MH was not a factor." *Id.*

In addition, the Supreme Court has not required the appointment of counsel for inmates going through the disciplinary process. *Wolff*, 418 at 569-70 (there is no right to counsel in disciplinary proceedings because of high costs, delay, and other practical problems). Instead, to accommodate limitations such as if the inmate involved is illiterate or the issues are complex, *Wolff* held that a lay advocate should be made available to assist the inmate. *Id.* at 570. In this case, a lay advocate was appointed. There was no due process violation under these circumstances.

### D. Double Jeopardy

Mr. Moton's final claim is that he was subjected to double jeopardy because he was placed in a strip cell before the hearing and other sanctions were imposed after the hearing. Mr. Moton's double jeopardy claim fails as a matter of law. His being placed in a strip cell was an administrative decision, not part of the disciplinary sanctions. Dkt. 8-12. In addition, "double jeopardy does not

apply to non-criminal proceedings" and "prison discipline is non-criminal." *Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019) (citing *Wolff*, 418 U.S. at 556; *Hudson v. United States*, 522 U.S. 93, 98–99 (1997)). This claim fails.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Moton to the relief he seeks. Accordingly, Mr. Moton's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date:    5/18/2026

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANDRE MOTON
231926
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov